UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREVIN TAFT, an individual,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No.: 3:26-cv-04482-GPC-SBC<br>**ORDER GRANTING MOTION TO DISMISS**<br>**[ECF No. 4]** |

## INTRODUCTION

This action involves a negligence claim arising from an automobile collision. Before the Court is Defendant, the United States Government's ("United States") motion to dismiss. ECF No. 4. For the reasons set forth below, the Court GRANTS the motion to dismiss.

## BACKGROUND

On February 23, 2024, Plaintiff was driving his vehicle and was struck by Alexander Schaps in a rear-end accident. ECF No. 1-2, at 6. Plaintiff alleges that the collision was the cause of injuries to Plaintiff's neck and back. *Id*.

On January 27, 2026, Plaintiff brought this action against Alexander Schaps in California State Court. *Id*. at 5. On August 5, 2026, Schaps removed this action to federal court. ECF No. 1. On August 6, 2026, the United States filed a notice of substitution for defendant Alexander Schaps. ECF No. 2. The substitution was based on Schaps' actions in his scope of employment with Naval Sea Systems Command. *Id*. at 2. On August 10, 2026, the Court issued an order acknowledging and accepting the substitution. ECF No. 3.

The United States filed a motion to dismiss on August 12, 2026. ECF No. 4. Plaintiff filed their opposition on September 17, 2026. ECF No. 6. A reply was filed on October 9, 2026. ECF No. 7.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). Under Rule 8(a)(2), the plaintiff is required only to set

forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).

"Where a motion to dismiss is granted, 'leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *Corbett v. Pharmacare U.S., Inc.*, 544 F. Supp.

3d 996, 1003 (S.D. Cal. 2021) (quoting *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992)).

## DISCUSSION

### I. Service

A. Service of Alexander Schaps was Sufficient

Defendant argues that the complaint should be dismissed based on insufficient service pursuant to Fed. R. Civ. P. 4. ECF No. 4, at 4. In doing so, Defendant argues that both Alexander Bruno Schaps and the United States government were not adequately served. *Id*. Defendant argues that Plaintiff did not file proof of service of the complaint and did not serve the United States Government in accordance with Fed. R. Civ. P. 4(i). Once service of process is properly challenged, "the party on whose behalf [service] is made must bear the burden of establishing its validity." *Bovier v. Bridgepoint Educ./Ashford Univ.*, No. 3:17-CV-01052-GPC-JMA, 2017 WL 4922978, at *1 (S.D. Cal. Oct. 30, 2017). Plaintiff responds by arguing that they complied with California Code of Civil Procedure § 415.40 which governs service in California state court. ECF No. 6, at 2.

Fed. R. Civ. P. 4 explicitly permits service that is in accordance with state law. Fed. R. Civ. P. 4(e)(1). *Bolger-Linna v. Am. Stock Transfer & Tr. Co.*, LLC, No. 3:24-CV-00539-RBM-VET, 2024 WL 4713905, at *3 (S.D. Cal. Nov. 7, 2024) (finding the issue of sufficiency of service of process prior to removal is strictly a state law issue).

Defendant does not dispute that C.C.P. § 415.40 governs service in California. As a result, the Court must determine whether Plaintiff satisfied their requirements pursuant to C.C.P. § 415.40. In support of his argument, Plaintiff attached a declaration and exhibit to show service. ECF No. 6, at 26. Plaintiff states that the exhibit discloses service through certified mail along with a registered return receipt. *Id*. at 8-9. C.C.P. Section 415.40 states as follows:

> A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing. *Id*.

The rules comment's further state that "Both registered and certified airmail, return receipt requested, meet this requirement". *Id*. Cal. Civ. Proc. Code § 417.20 addresses proof of service requirements under § 417.40. According to California Code of Civil Procedure § 417.20, "proof of service shall include evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence." Cal. Civ. Proc. Code § 417.20. *Watkins Fam. Tr. Dated 1/7/94 v. Wallace*, No. 3:24-CV-02785-JSC, 2024 WL 4700797, at *3 (N.D. Cal. July 31, 2024). Courts have held that "[a] sworn affidavit and signed return receipt may provide satisfactory proof of actual delivery". *Victoriano v. Classic Residence Mgmt.*, LP, No. 14CV2346-LAB JLB, 2015 WL 3751984, at *2 (S.D. Cal. June 15, 2015) citing *Cruz v. Fagor America, Inc.*, 146 Cal.App.4th 488, 498 (2007); *e.g., Intelepeer Cloud Commc'ns, LLC v. Explore Travels,*

*Corp.,* No. 16-CV-01255-DMR, 2016 WL 4699731, at *3 (N.D. Cal. Aug. 19, 2016). However, where "the record contains no evidence the summons and pleading ... were actually delivered" to the correct recipient, courts have found that the requirements of § 417.20(a) were not met. *Merritt v. JP Morgan*, No. 17-CV-06101-LHK, 2018 WL 1933478, at *9 (N.D. Cal. Apr. 24, 2018).

Exhibit C contains a box checked for certified mail and includes a section indicating delivery on June 15. Attorney for Plaintiff also filed a sworn declaration attesting to Exhibit C. ECF No. 6, at 7. In their reply, Defendant does not dispute the authenticity of Exhibit C or present any objection to whether Plaintiff satisfied C.C.P. § 415.40. ECF No. 7. Courts have found that Plaintiffs satisfied their burden to show service when defendant failed to rebut a return receipt and sworn affidavit. *Victoriano*, 2015 WL 3751984, at 2; (Plaintiff met burden by providing sworn affidavit and return receipt when defendant failed to rebut). Based on Defendant's failure to rebut any of the contents of Exhibit C, the Court finds that Plaintiff has met their burden to show proper service pursuant to C.C.P. § 415.40. When a case is removed to federal court, "[a]ll defendants properly served in the state-court action are deemed properly served in the removed action, and unserved defendants must be served with a summons from the federal court." *Dolan v. Nationstar Mortg. LLC*, No. 25-CV-2242-GPC-BJW, 2025 WL 3649273, at *1 (S.D. Cal. Dec. 16, 2025) (citing *Tehranian v. Mercedes-Benz USA, LLC*, No. 8:24-CV-02037-FWS-JDE, 2025 WL 1543630, at *2 (C.D.

Cal. Mar. 4, 2025)). As plaintiff's service on Schaps was proper in the state court action, the Court finds that Schaps is deemed properly served in this action.

B. Service on the United States Government is Excused per *Borzeka*

Defendant further contends that the United States was never served. ECF No. 4, at 6. After removal, the United States filed a motion to substitute itself as a party for its employee Schaps. ECF No. 2. The Court granted the motion on August 10, 2026. ECF No. 3. Only two days later, the United States filed their motion to dismiss on August 12, 2026. ECF No. 4. Based on this, the United States was not a party when this case was initiated in state court. Defendant does not cite to any legal authority or caselaw that would require service on the United States after this substitution. Plaintiff did not have notice that the United States was a party until two days before Defendant challenged service. Rule 4 requirements may be excused if "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." *Cristo v. U.S. Sec. & Exch. Comm'n*, No. 19-CV-1910-GPC(MDD), 2020 WL 2735183, at *2 (S.D. Cal. May 26, 2020) (citing *Borzeka v. Heckler*, 739 F.2d 444, 448 (9th Cir. 1984)).

Under the *Borzeka* factors, the Court excuses Plaintiff from strict compliance with Rule 4(i). There is no dispute that the United States had actual notice of the complaint, and there is no indication they would suffer any prejudice by an alleged defect of service based

on the early status of the case. Furthermore, the Court finds that any defect of service is accompanied by good cause based on the short notice that the United States was a party to this action. Plaintiff would also be severely prejudiced if his complaint were dismissed based on a failure to comply with a technical rule. *Cristo*, 2020 WL 2735183, at *2 (citing *Kruska v. Perverted Justice Fdn. Incorporated.org*, No. CV 08–0054–PHX–SMM, 2010 WL 3156089, at *3 (D. AZ. Aug. 9, 2010) (plaintiff "would be severely prejudiced if her complaint was dismissed for a mere technical noncompliance").

Accordingly, as the *Borzeka*, factors have been met, the Court denies Defendants' motion to dismiss based on insufficient service.

## II. <u>Exhaustion</u>

Defendant argues that Plaintiff's claim should be dismissed based on lack of subject matter jurisdiction as Plaintiff failed to exhaust his claims pursuant to 28 U.S.C. § 2675(a).

Generally, the United States and its agencies may not be sued in federal court unless Congress has waived sovereign immunity. *United States v. Dalm,* 494 U.S. 596, 608 (1990) ("[T]he United States, as sovereign, is immune from suit, save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit" (internal quotation marks omitted)).

The Federal Tort Claims Act ("FTCA") represents a waiver of the sovereign immunity of the United States, and, as such, must be strictly construed. *U.S. v. Kubrick,* 444 U.S. 111 (1979); *see also Marley v. United States,* 567 F.3d 1030, 1034 (9th Cir.2009).

In order to bring a tort claim against the United States under the FTCA, potential plaintiffs must file an administrative claim with the appropriate federal agency. 28 U.S.C. 2675(a). "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues...." 28 U.S.C. § 2401(b); *see also Kubrick,* 444 U.S. at 111 (explaining that the FTCA "bars any tort claim against the United States unless it is presented in writing to the appropriate federal agency 'within two years after such claim accrues.'"). § 2675(a) addresses the statute's requirement to exhaust administrative remedies. The relevant language is listed below.

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant **shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail**. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim. *Id*. (emphasis added)

Defendant argues that Plaintiff never presented his claim to the United States Navy. ECF No. 4, at 6. Additionally, Defendant states that Plaintiff can no longer exhaust his administrative remedies because more than two years have passed since the date of the collision. *Id*. 28 U.S.C. § 2401(b) bars tort claims that are presented to the federal agency

more than two years after the claim accrues. Defendant points to the collision date of February 23, 2024, to support the proposition that Plaintiff was required to present their claim by February 23, 2026. ECF No. 4, at 6.

Plaintiff does not dispute that he never presented his claim to the Navy. *See generally* ECF No. 6. Instead, Plaintiff cites to 28 U.S.C. § 2679(d)(5) for the proposition that he has properly exhausted his administrative remedies. *Id*. 28 U.S.C.A. § 2679 addresses the specific situation, as here, where the United States is substituted as the party defendant and an action is dismissed pursuant to § 2675(a). The statute permits presentation of the administrative claim if two conditions are met. *Id*. First, the claim would have been timely had it been filed on the date the underlying civil action was commenced, and second, the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action. *Id*. Courts have interpreted this provision to hold that "an action that is removed to federal court is considered timely if the administrative claim would have been timely had the claim been filed on the date of commencement of the state action." *Urata v. United States*, No. 12-CV-1277-WQH-WMC, 2012 WL 6553503, at *n. 1 (S.D. Cal. Dec. 13, 2012) (citing *Hensley v. United States*, 531 F.3d 1052, 1055 n. 2 (9th Cir.2008)).

As to the first condition, Plaintiff points to the February 23, 2024 accrual date and notes that the state court action was filed on January 27, 2026. Under § 2679(d)(5), his administrative claim would have been timely had it been filed at that time. In their reply, Defendant does not dispute that the state court action was filed within the two-year

limitations period. As the state court action was filed prior to February 23, 2026, the first requirement under § 2679(d)(5)(a) is satisfied. However, Plaintiff has not demonstrated compliance with the claim presentation requirement under § 2679(d)(5)(b). Given Plaintiff's failure to present his claim to the administrative agency, Plaintiff has failed to exhaust his administrative remedies, and this action must be dismissed. *McNeil v. U.S.*, 508 U.S. 106, 112 (1993) (lawsuit filed prior to the exhaustion of administrative claim is premature and must be dismissed). However, Plaintiff can present his claim to the administrative agency within 60 days of the dismissal of this action. *Buchanan v. United States*, No. C 10-00092 WHA, 2010 WL 690202, at *3–4 (N.D. Cal. Feb. 23, 2010). After properly exhausting his administrative remedies before the relevant federal agency, Plaintiff may return to federal court with his claim. *Wilson v. Horton's Towing*, 906 F.3d 773, 783 (9th Cir. 2018).

## III. <u>Negligence</u>

While the Court has dismissed this action based on exhaustion grounds, the Court notes that the complaint's negligence claim is plainly insufficient. The Federal Tort Claims Act ("FTCA") renders the United States liable for "injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §§ 1346(b)(1); *Yanez v. United*

*States*, 63 F.3d 870, 872 (9th Cir.1995). Under the FTCA, the substantive law of the forum state, in this case California, applies. 28 U.S.C. § 2674; *Yanez*, 63 F.3d at 872; *Richards v. United States*, 369 U.S. 1, at 9 (1962).

"Under California law, to state a claim of negligence, a plaintiff must allege: (1) the existence of a legal duty of care, (2) breach of that duty, (3) proximate cause, and (4) injury." *DD v. United States*, No. EDCV 22-61-KK-JCX, 2024 WL 5466463, at *6 (C.D. Cal. Nov. 19, 2024) (citing *Castellon v. U.S. Bancorp*, 220 Cal. App. 4th 994, 997, (2013)). As mentioned above, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Plaintiff's complaint does nothing but provide conclusory statements regarding a negligence claim. The cause of action merely recites the elements of a negligence claim without providing sufficient facts. ECF No. 1-2, at 6. Plaintiff does not provide any information regarding where the accident occurred, the details of the collision, or the extent of any injuries.  Furthermore, the Court notes that Plaintiff seems to have mistakenly identified themselves as owing a duty of care rather than Defendant. *Id*. Even if the Court were to ignore this deficiency, Plaintiff's claim still fails. As a result of these pleading deficiencies, the Court finds that Plaintiff has failed to adequately plead negligence. *Bynum v. Everett*, No. 21-CV-00921-GPC, 2021 WL 4168177, at *2 (S.D. Cal. Sept. 14, 2021).

## IV. Leave to Amend

While the deficiencies relating to the negligence claim are curable, Plaintiff has not requested leave to amend the complaint. More importantly, as to Plaintiff's failure to exhaust his administrative remedies, leave to amend is unavailable in that courts lacks subject matter jurisdiction over the complaint in its entirety. *Whitfield v. Clinica Sierra Vista, Inc.*, No. 1:25-CV-01808-KES-CDB, 2026 WL 1374161, at *5 (E.D. Cal. May 15, 2026*), report and recommendation adopted*, No. 1:25-CV-01808-KES-CDB, 2026 WL 2171726 (E.D. Cal. July 28, 2026) (failure to exhaust administrative remedies required dismissal for lack of subject matter jurisdiction without leave to amend where Plaintiff unable to cure defect). Since Plaintiff does not dispute that he did not exhaust his administrative remedies, any proposed amendment would be futile as it would not cure this deficiency. *Corrales v. Dutschke*, 760 F. Supp. 3d 1053, 1069 (S.D. Cal. 2024) (dismissing FTCA claims without prejudice and without leave to amend as "the claims cannot be cured by amendment because Plaintiff ... had not yet exhausted his administrative remedies.") (citation omitted).

As Plaintiff may still exhaust his administrative remedies with the Navy, the complaint is dismissed without prejudice.

## CONCLUSION

Defendant's motion to dismiss the complaint for lack of subject-matter jurisdiction is **GRANTED** without prejudice. Plaintiff is advised that the deadline to file an

administrative claim with the appropriate federal agency is sixty days after the dismissal of this action. The hearing set for Friday, November 6, 2026, is **VACATED.**

**IT IS SO ORDERED**

Dated: October 29, 2026

Hon. Gonzalo P. Curiel
United States District Judge